17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Ruben Villalobos LOPEZ, Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendants-Appellees.
 No. 92-16580.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1994.
Decided Feb. 22, 1994.
 
 1
 Before: SCHROEDER and NOONAN, Circuit Judges, and JONES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 United States Border Patrol Agent Kimsey struck Lopez with a pistol in the course of arresting him on suspicion of violating immigration laws. The pistol discharged and Lopez was shot in the shoulder and injured. Lopez sued the United States under the Federal Tort Claims Act ("FTCA"), alleging that the injuries he sustained during the arrest were caused by negligence on the part of the U.S. Border Patrol. Following a bench trial, the court ruled that the United States was not liable for any injuries sustained by Lopez because of the shooting itself, but that Border Patrol agents negligently treated Lopez after the shooting. The court entered judgment for $20,000 in Lopez's favor. On appeal, Lopez contends that the court erred in finding that the United States was not liable for injuries caused by the shooting.
 
 
 4
 In FTCA claims, liability is determined "in accordance with the law of the place where the [wrongful] act or omission occurred." Id. Sec. 1346(b). Under Arizona law, a peace officer is not liable for civil damages for injuries sustained in connection with a justified use of deadly force,[1] ARS Secs. 13-413, 13-410(C)(1), even if the injuries were proximately caused by the officer's negligence, Garcia v. United States, 826 F.2d 806, 810 (9th Cir.1987). Accordingly, Lopez cannot recover against the United States under the FTCA for injuries caused by agent Kimsey's alleged negligence in accidentally shooting Lopez if Kimsey was justified in striking Lopez.
 
 
 5
 Under Arizona law, a peace officer may use deadly force "only when the peace officer reasonably believes that it is necessary: (1) to defend himself or a third person from what the peace officer reasonably believes to be the use or imminent use of deadly physical force...." ARS Sec. 13-410(C)(1). Use of deadly force is a seizure for purposes of the Fourth Amendment, and is reasonable only if an officer "has probable cause to believe that the suspect poses a threat of serious physical harm." Tennessee v. Garner, 471 U.S. 1, 11 (1985).
 
 
 6
 After taking the evidence in this case, the district court was in the best position to determine whether Agent Kimsey's use of deadly force was reasonable. The court concluded that Kimsey "reasonably believed that plaintiff was advancing upon him with the intent to use deadly physical force upon him," and that "Kimsey could have reasonably believed that a second person was behind him at the time plaintiff was advancing and that he was in imminent danger." The court's ruling finds support in the record. The government's expert testified that Kimsey's conduct was an appropriate means of engaging Lopez as he advanced. Although Lopez introduced expert testimony to the contrary, we cannot say that the district court's findings were erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is undisputed that in striking Lopez with his gun, Kimsey was using "deadly force."